

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

September 18, 1961

Honorable Vernon D. Adcock
County Attorney
Dawson County
Lamesa, Texas

Dear Mr. Adcock:

Opinion No. WW-1142

Re: Construction of Article
1645, Vernon's Civil
Statutes, relative to
appointment of a County
Auditor for Dawson County.

You state in your request for an opinion that the population of Dawson County according to the 1960 Federal Census was 19,185; and, the 1960 tax valuation, the last approved tax roll, was $24,379,350. Also, you state that the county lies within only one judicial district, the 106th. Finally, you point out that a County Auditor has never been appointed in compliance with Article 1645, Vernon's Civil Statutes, and that Dawson County during all of the period since it came under the provisions of this Article has continued with an annual audit being made by contract between an out of county auditor and the County Commissioners Court. The costs of this audit have been much less than the anticipated salary of a county auditor.

In view of the foregoing circumstances, you ask the following questions:

1) May the Judge of the 106th District Court further delay the appointment of an auditor for Dawson County?

    a. If so, how much longer may he delay such appointment?

2) What, if any, are the legal penalties or hazards which might result by delaying such appointment?

Article 1645, Vernon's Civil Statutes, as amended in 1955, provides, in part, as follows:

"In any county having a population of 35,000 inhabitants or over according to the last preceding Federal Census, or having a tax valuation of $15,000,000 or over according to the last approved tax rolls, there shall be appointed every two years an auditor of accounts and finances, the title of said office to be County Auditor, who shall hold

his office for two years and who shall receive as compensation for his services an annual salary from the County General Fund of not more than the amount allowed or paid the Assessor-Collector of Taxes in his county, such salary of the County Auditor to be fixed and determined by the District Judge or District Judges making such appointment and having jurisdiction in the county, . . ." (Emphasis added)

Attorney General's Opinion No. 0-4828 (1942) held on facts substantially identical to those presented here that Articles 1645 and 1647 made it mandatory that the Judge of the 23rd Judicial District of Texas appoint a county auditor for Matagorda County, inasmuch as the last approved tax valuation for the county was in excess of $15,000,000.

Also, Article 1647, Vernon's Civil Statutes, entitled "Appointment" provides:

"The district judges having jurisdiction in the county, shall appoint the county auditor at a special meeting held for that purpose, a majority ruling; provided, that if a majority of such judges fail to agree upon the selection of some person as auditor, then either of said judges shall certify such fact to the Governor, who shall thereupon appoint some other district judge to act and vote with the aforesaid judges in the selection of such auditor. The action shall then be recorded in the minutes of the district court of the county and the clerk thereof shall certify the same to the commissioners court, which shall cause the same to be recorded in its minutes together with an order directing the payment of the auditor's salary." (Emphasis added)

Because Dawson County has at present a tax valuation well in excess of the specified statutory amount, it clearly falls within the classification set out in Article 1645. Thus, it is our opinion that it is mandatory that the Judge of the 106th Judicial District, the only District Judge having jurisdiction over Dawson County, appoint a regular county auditor for the county. Being cognizant of the fact that the provisions of Article 1645 are mandatory, it is our opinion that this appointment should be made without any further delay.

County Commissioners Courts are of limited jurisdiction in that their authority extends only to matters pertaining to the general welfare of their respective counties, and that their powers are only those expressly or impliedly conferred upon them by the Constitution or the Statutes of the State. 11-B Tex.Jur. 83, Counties, Sec. 65.

We have found no constitutional or statutory provision that either expressly or by implication confers the authority upon the Commissioners Court of counties of the classification of Dawson County to appoint or otherwise contract with an auditor to audit the accounts and finances of the county.

In answer to your second question, we direct your attention to Articles 5964 and 5965, Vernon's Civil Statutes, which provide for the removal of a District Court Judge for willful neglect of duty or official misconduct.

## S U M M A R Y

Article 1645, Vernon's Civil Statutes, makes it mandatory that the Judge of the 106th Judicial District Court, Dawson County, appoint a regular county auditor. This appointment should be made without further delay in that the failure to do so may result in removal procedeeings under Articles 5964 or 5965, Vernon's Civil Statutes.

Yours very truly,

WILL WILSON
Attorney General of Texas

By I. Raymond Williams, Jr.
Assistant

IRWjr:mm/ds

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
Vernon Teofan
Bob Shannon
Iola Wilcox
REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee, Jr.